**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| GREGORY KITCHENER, O.D., et al., | Case No: 1:22-cv-60 |
| Plaintiffs, | McFarland, J. |
| v. | Bowman, M.J. |
| OPTOMETRIC EXTENSION PROGRAM OFOUNDATION, INC., | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

On February 1, 2022, Defendant Optometric Extension Program Foundation, Inc. removed this case from state court, and on February 11, 2022, Defendant filed a motion to dismiss for lack of personal jurisdiction or in the alternative, to transfer venue. (Doc. 5). This matter has been referred to the undersigned for initial consideration of all motions except for summary judgment motions. (Doc. 4). For the reasons stated below, the undersigned recommends that Defendant's motion be DENIED.

**I.     Background**

Plaintiff Gregory Kitchener, O.D. is an optometrist who resides in Cincinnati, Ohio. Dr. Kitchener and three other optometrists who hail from Chandler, AZ, Hernando, MS, and Memphis, TN, respectively, filed suit in the Hamilton County Court of Common Pleas against Defendant Optometric Extension Program Foundation, Inc. ("OEPF"). According to the complaint, OEPF is a California non-profit organization, headquartered in Maryland, that "sells continuing education to optometrists and otherwise supports the optometry

profession." (Doc. 2 at ¶¶6, 8; *see also* Doc. 2-1). Plaintiffs specifically allege that Defendant "contracts in Hamilton County, Ohio." (Doc. 2 at ¶6).

OEPF is governed by a five-member Board of Trustees. Plaintiffs allege that each of them served on that Board in the past; none serve as current Trustees. (*Id*. at ¶ 11). Plaintiffs specifically allege that Dr. Kitchener served on the Board from 1995 to 2013, that Dr. Lowis served from 2003-2018, that Dr. Steele served from 1991-2003; that Dr. Harris served from 2001- 2016. (*Id*. at ¶¶ 12-15). Plaintiffs further allege that during their respective tenures, "they were promised and provided a stipend as incentive to continue their service." (*Id*. at ¶ 16). Attached to the complaint are portions of what appears to be a federal Tax Form 990 for the years 2011-2013 for OEPF, reflecting past compensation to various officers, trustees, and/or employees. (*See* Docs. 2-2, 2-3, 2-4). Plaintiffs allege that their stipends were "[u]ntil 2014… incurred on the books of OEPF" and reported on the organization's tax return. (Doc. 2 at ¶ 17).

In 2014, Plaintiffs "agreed to defer such owed and incurred stipend" to allow OEPF to pay them on a future date, but allege that no deferred payment has ever been made. (*Id*. at ¶¶ 19, 20). Instead, in 2020, Plaintiffs allege that they were informed that the deferred payments would be made "from a remainder trust under the OEPF's control." (*Id*. at ¶ 21). Thereafter, Defendant "refused to issue the Deferred Payments." (*Id.* at ¶ 24). In support of their contention that Defendant owes the payments, Plaintiffs allege that they previously received partial payments in a "course of dealing [that] was established by OEPF." (*Id.* at ¶ 29). In their lawsuit, Plaintiffs seek payment of cumulative deferred payments totaling $112,070.00, plus compensatory damages, costs and attorney's fees. Plaintiffs' theories of liability include breach of contract (Count I), the tort

2

of unjust enrichment (Count II), and promissory estoppel (Count III). Defendant removed the case to federal court based upon diversity jurisdiction, while preserving its right to contest venue under 28 U.S.C. § 1406. (Doc. 1).

**II.    Analysis of Jurisdictional Issues Under Rule 12(b)(2)**

It is undisputed that Plaintiff Kitchener is a resident of Ohio, that the remaining three individual Plaintiffs explicitly consent to the jurisdiction of this Court, but that Defendant is a non-resident. In a pre-answer motion, Defendant seeks dismissal based upon the lack of jurisdiction of any Ohio court, or alternatively, a transfer of venue on the basis that it lacks "minimum contacts" with the State of Ohio. Defendant asserts that its "only contacts with Ohio consist of allowing Ohio optometrists to sign up for continuing education courses and having a former board member" who is an Ohio resident (Plaintiff Kitchener). According to Defendant, it "does not advertise or otherwise market its service in Ohio." (Doc. 5 at ¶1-3). Thus, Defendant challenges this Court's exercise of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

The requirements for establishing personal jurisdiction in a diversity case are set forth in *Conn v. Zakharov*, 667 F.3d 705 (6th Cir. 2012).

> The plaintiff bears the burden of establishing through "specific facts" that personal jurisdiction exists over the non-resident defendant, and the plaintiff must make this demonstration by a preponderance of the evidence. *See Kroger Co. v. Malease Foods Corp.,* 437 F.3d 506, 510 & n. 3 (6th Cir.2006); *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991). But where, as here, the defendant has moved to dismiss the case under Rule 12(b)(2) for lack of personal jurisdiction and the district court rules on the motion without an evidentiary hearing, the plaintiff need only make a "prima facie" case that the court has personal jurisdiction. *Kroger,* 437 F.3d at 510. In this procedural posture, we do not weigh the facts disputed by the parties but instead consider the pleadings in the light most favorable to the plaintiff, although we may consider the defendant's undisputed factual assertions.

3

*Id.*, 667 F.3d at 711 (additional citations omitted). In considering a motion to dismiss for lack of personal jurisdiction, the district judge assigned to this case recently explained that "a court may: (1) rule on the motion based on affidavits submitted by the parties; (2) permit jurisdictional discovery; or (3) hold an evidentiary hearing to resolve the motion." *Mike Albert, Ltd. v. 540 Auto Repair, Inc.*, 2022 WL 488969, at *3 (S.D. Ohio Feb. 17, 2022) (citing *Dean v. Motel 6 Operating LP*, 134 F.3d 1269, 1272 (6th Cir. 1998)).

Here, the parties have not requested jurisdictional discovery or an evidentiary hearing. Therefore, in order to overcome Defendant's motion, the plaintiffs "need only make a *prima facie* case of jurisdiction." *Conn*, 667 F.3d at 711.

> The Sixth Circuit has characterized this burden as "relatively slight." *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988). In determining whether plaintiff has met its burden, the district court considers the pleadings and affidavits "in a light most favorable to the plaintiff."

*Mike Albert, Ltd*.., 2022 WL 488969, at *3 (quoting *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017) (additional citation omitted)); *see also Helmer v. Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.*, 2020 WL 5250435, at *1 (S.D. Ohio, Sept. 3, 2020)

To satisfy Plaintiffs' "relatively slight" burden, Dr. Kitchener has submitted an affidavit as well as a screen shot from OEPF's website. (*See* Docs. 8-2, 8-1). In its reply memorandum, Defendant urges this Court to limit review to the complaint, arguing that Plaintiffs' affidavit and screen shot should not be considered because they are "incompetent evidence." (Doc. 9 at ¶ 11). However, Sixth Circuit case law expressly permits consideration of Plaintiffs' evidence. *See Dean*, 134 F.3d at 1272.

Establishing personal jurisdiction in Ohio involves a two-part inquiry to determine: (1) whether jurisdiction exists under the state's long-arm statute; and (2) whether jurisdiction is consistent with federal due process concerns. "Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law." *Conn*, 667 F.3d at 712. Considering the relevant standards and the limited evidence submitted, the undersigned concludes that Plaintiffs have carried their burden to overcome Defendant's motion to dismiss.

**A. Jurisdiction Exists Under Ohio's Long-Arm Statute**

The undersigned begins by reviewing whether Defendant's conduct falls within the parameters of Ohio's long-arm statute. Under Ohio Rev. Code § 2307.382(A), an Ohio court may exercise personal jurisdiction under one of nine defined circumstances. Plaintiffs seek recovery under alternative breach of contract and tort theories. However, Plaintiffs confine their jurisdictional argument to the assertion that their cause of action arises from the transaction of "any business in this state" under § 2307.832(A)(1), because Defendant contracted with Dr. Kitchener in Ohio, thereby earning a stipend for work performed at least in part in Ohio. Plaintiffs also assert that OEPF generally conducts business in Ohio. In his affidavit supporting the exercise of personal jurisdiction, Dr. Kitchener alleges that he conducted business on behalf of OEPF during his tenure on the Board from his home in Ohio, including "running board meetings from Ohio, signing OEPF documents in Ohio, contacting OEPF members from and in Ohio, and receiving payment from OEPF in Ohio." (Doc. 8-2 at ¶5; *see also id*. at ¶¶ 4, 7). In addition,

5

Plaintiffs maintain that OEPF sells products in Ohio, offers courses and seminars in Ohio, has members in Ohio, and even has a "member optometrist office" in Ohio that is advertised on Defendant's website. (*See* Doc. 8-1 (website screen shot of office location)).

In support of its motion to dismiss, Defendant admits that it allows Ohio optometrists to enroll in its online continuing education classes but vaguely argues that "none" of the nine specified circumstances in the long-arm statute are sufficiently "like the instant matter" to allow the exercise of jurisdiction. (Doc. 9 at 2, ¶ 5). The undersigned does not agree. Ohio's long-arm statute extends to a cause of action that arises out of a defendant conducting "any" business in Ohio – a standard under which Plaintiffs have proven a *prima facie* case. See, generally, *Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1988) (holding that out of state endodontic professional organization transacted some business and therefore subjected itself to personal jurisdiction in Michigan when it interacted with Michigan dentist to determine whether she met the Board's criteria for certification, including payment of the necessary fee and presentation of requisite professional credentials); *see also Elstein & Elstein, P.C. v. TrafficCast, Inc.*, 2006 WL 1610531, at *3 (Conn.Super.,2006) (Connecticut long arm statute authorized personal jurisdiction over non-resident Defendant even though contract was executed in Massachusetts, where defendant entity knew or should have known that contractual work would be performed in plaintiff's home office).

Defendant further argues that if this Court denies its motion to dismiss, it will "demonstrate" that OEPF does not sell products in Ohio or offer courses "in Ohio" (presumably because it offers only online courses), has no members "currently" who are

residents of Ohio, has never conducted a board meeting "in" Ohio or appointed board directors in Ohio, and has no "member optometrist office" in this state despite allowing Ohio optometrists (among others) to advertise their certification on OEPF's website. (Doc. 9 at ¶ 8). At this juncture, however, Defendant has submitted only argument in opposition, and the facts alleged and evidence offered by Plaintiffs are to be construed in Plaintiffs' favor.[1]

### B. Jurisdiction Does Not Offend Federal Due Process Concerns

Defendant argues that even if this Court were to find "nominal" jurisdiction under the long-arm statute, it should decline to exercise jurisdiction under the Due Process Clause of the U.S. Constitution. Alternatively, it contends that "if there is barely minimal Constitutional jurisdiction in Ohio, the case should be transferred pursuant to 28 U.S.C. § 1404 to the United States District Court for the District of Maryland." (Doc. 9 at ¶ 12).

In *Trustaff Travel Nurses, LLC v. Trusted, Inc.*, 2020 WL 7249341 (S.D. Ohio 2020), another case authored by the district judge assigned to this case, the court set forth the well-established constitutional standards under which a court may exercise personal jurisdiction. "Federal due process mandates that a non-resident defendant have 'certain minimum contacts with the [forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.*, 2020 WL 7249341, at *3 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

> A plaintiff in the Sixth Circuit must make three showings to establish specific personal jurisdiction: (1) the defendant purposefully availed itself of the privilege of acting in the forum state or causing a consequence in the forum

---

[1] A district court evaluating a plaintiff's prima facie jurisdictional showing will consider only a defendant's undisputed factual assertions, and will not weigh "the controverting assertions of the party seeking dismissal." *Helmer*, 2020 WL 5250435, at *2 (quoting *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017) (additional citation omitted)).

7

state, (2) the cause of action arises from the defendant[']s acts or such consequences, and (3) the connection between the defendant and the forum state was sufficiently substantial to make the exercise of jurisdiction reasonable.

*Id*. (citing *S. Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968) (additional citation omitted)). The undersigned concludes that Plaintiffs have provided sufficient proof to satisfy each of these elements.

### 1. Purposeful Availment

"For a party to purposely avail itself to a forum State, there must be evidence that the party purposely acted to further its business in the forum State's market." *Trustaff Travel Nurses, LLC*, 2020 WL 7249341, at *4 (*citing Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722-723 (6th Cir. 2000)). As discussed above, Plaintiff Kitchener avers that he regularly performed his Trustee duties in Ohio, and that Defendant purposely hired him as a Trustee knowing he would act from his Ohio home. Plaintiff Kitchener asserts that the injury to him also occurred in and was felt in Ohio. And even Defendant admits that it transacts some business in Ohio by allowing Ohio optometrists to obtain certifications and to advertise on Defendant's website.[2] Based upon the record presented, Plaintiffs have offered sufficient evidence to carry their burden to show that Defendant purposefully availed itself of the privilege of doing business in Ohio. *See also*, generally, *Lanier v. American Bd. of Endodontics*, 843 F.2d at 906; *Mobile Training & Educ. v Aviation Ground Schools of America*, No. 602342/08, 958 N.Y.S.2d 61, 28 Misc. 3d 1226(A), 2010 N.Y.

---

[2]Plaintiffs rely in part on a screen shot from Defendant's website (Doc. 8-1, map). *See generally* https://www.oepf.org/ (accessed on April 13, 2022). In *Helmer*, 2020 WL 5250435, at *3, this Court examined the interactivity of an entity's website to determine whether an out-of-state defendant had sufficient contacts with Ohio residents to subject itself to personal jurisdiction in Ohio. Because Plaintiffs have not cited the interactivity of the website here, the undersigned has not reviewed Defendant's website other than to confirm that it exists, consistent with Plaintiffs' exhibit.

8

Slip Op. 51501(U), 2010 WL 3310257, at *6 (Sup Ct, June 23, 2010) (a provider of educational services attempting to sell its products in New York and hoping to profit from sales to New Yorkers was subject to jurisdiction in New York).

### 2. The Cause of Action Arose from Defendant's Actions

For the same reasons, Plaintiffs have sufficiently shown that the cause of action arose from Defendant's actions in Ohio, at least with respect to Plaintiff Kitchener. Plaintiff Kitchener states that during "most" of his tenure on the Defendant's board, he operated from his residence in Ohio. He ran board meetings from Ohio, signed OEPF documents in Ohio, contacted OEPF members from and in Ohio, and received payment "from OEPF" in Ohio. (Doc. 8-2 at ¶¶ 4-5). In addition, Plaintiff avers that OEPF "has members in Ohio,"[3] and that all governance tasks for the organization "were performed while the board member[s] [were] in their home state[s], including Ohio." (*Id*. at ¶ 7). *See also Trustaff Travel Nurses, LLC*, 2020 WL 7249341, at *5 (trademark dispute had sufficient connection to Ohio even though the defendant's website and social medial platforms did not specifically target Ohio).

### 3. The Burden on Defendant is Reasonable

Last, the burden on Defendant to appear in Ohio does not offend constitutional standards. Defendant holds itself out to be an organization with a national scope, and provides online educational programs to optometrists across the United States. Plaintiffs argue (without contradiction) that OEPF "sells continuing education materials, both in-

---

[3] Plaintiffs maintain that OEPF has "a member optometrist office in Ohio." (Doc. 8 at 2, citing Doc. 8-1, screenshot of OEPF website). Defendant denies that it maintains any physical "office or agents" or other presence in Ohio, or that it "gains substantial revenue in Ohio," though it offers no evidence. (Doc. 9 at ¶¶ 6, 8). However, OEPF admits that it provides training to optometrists and that after they receive OEPF training, they "can advertise their certification on OEPF's website." (Doc. 9 at ¶ 8).

person and online, to optometrists in all fifty states, including Ohio." (Doc. 8 at 1). Defendant concedes that it provides online education to Ohio optometrists. (Doc. 9 at ¶1). Plaintiffs describe the organization as analogous to other national professional organizations, such as the American Bar Association. Based upon Defendant's business model, Plaintiffs maintain that "OEPF has minimum contacts with Ohio and has purposefully availed itself, not only of the laws of Ohio, but [of] the laws of every state in which it does business." (Doc. 8 at 2). At least with respect to the State of Ohio, the undersigned agrees. *Accord Trustaff Travel Nurses, LLC*, 2020 WL 7249341, at *5 ("The Defendants' businesses are national in scope, and the burdens to litigate out-of-state asserted by Defendants are rather typical.").

In sum, the undersigned concludes that the alleged facts are sufficient to prove that Defendant is subject to specific jurisdiction under Ohio's long-arm statute without offending the Due Process Clause of the U.S. Constitution, in part because the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum state. *See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996).

### III. Analysis of Alternative Motion to Transfer Venue

Having determined that this Court may exercise jurisdiction over the Defendant, the undersigned turns next to Defendant's alternative argument that this case nevertheless should be transferred to the United States District Court for the District of Maryland. Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

brought." Here, Defendant's motion to transfer should be denied because venue is proper in this Court, and the interests of justice do not otherwise require transfer.

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b)(2). "In analyzing venue under § 1391(b)(2) in actions involving contract disputes, courts look to (1) where the contract was negotiated and executed, (2) where the contract was performed, and (3) where the alleged breach occurred." *Reilly v. Meffe*, 6 F. Supp. 3d 760, 766 (S.D. Ohio 2014). Only one of these three factors need be met to establish that venue is proper. *Id.* Based upon Plaintiff Kitchener's affidavit, Defendant negotiated his board term while Plaintiff Kitchener was in Ohio, performed contractual duties including sending faxes, emails and phone calls to/from Ohio, and made prior payments to him while he was located in Ohio. (Doc. 8-2 at ¶¶ 7-8). The alleged breach (non-payment) also occurred (as to Plaintiff Kitchener) in Ohio. These facts alone are sufficient to show that venue is proper. Venue is also appropriate because a defendant entity like OEPF is deemed to reside wherever a court may exercise jurisdiction over it. 28 U.S.C. § 1391(c)(2).

Defendant alternatively argues that the interests of justice require transfer to the District of Maryland, suggesting that a "necessary part[y]" is in Maryland, that its principal place of business is in Maryland, and that its tax preparer and other potentially relevant employee witnesses reside there. However, none of the *plaintiffs* are in Maryland. District courts retain wide discretion in determining whether transfer is appropriate. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

> Transfer under § 1404(a) turns on a two-pronged test: (1) whether the plaintiff could have brought the action in the transferee court; and (2) whether, on balance, the considerations of the parties and the interests of justice favor transfer. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849-

11

850 (S.D. Ohio 2004) (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)). … A plaintiff's choice of venue, however, holds great weight and should only be disturbed upon a significant showing that the public and private interests at stake weigh in favor of transfer. *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 289 (S.D. Ohio Apr. 16, 2008).

*Helmer*, 2020 WL 5250435, at *5.

On the facts presented, Defendant OEPF has not met its heavy burden to show that the "interests of justice" require transfer. *See id*. (declining to transfer despite defendant's witnesses and records being in Alabama, because the plaintiff was in Ohio and the business records were electronically accessible). Therefore, the undersigned recommends denial of Defendant's alternative motion to transfer venue.

### IV. Conclusion and Recommendation

For the reasons discussed, **IT IS RECOMMENDED** that Defendant's motion to dismiss for lack of personal jurisdiction or to transfer venue (Doc. 5) be **DENIED**.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

GREGORY KITCHENER, O.D., et al.,

          Plaintiffs,

v.

OPTOMETRIC EXTENSION PROGRAM
OFOUNDATION, INC.,

          Defendant

Case No: 1:22-cv-60

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).