IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| GREGORY KITCHENER, O.D., et al., | : | Case No. 1:22cv60 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| | : | |
| OPTOMETRIC EXTENSION | : | |
| PROGRAM FOUNDATION, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 10) AND OVERRULING OBJECTIONS (Doc. 15)

The Court has reviewed the Report and Recommendation of Magistrate Judge Stephanie K. Bowman (Doc. 10), to whom this case is referred pursuant to 28 U.S.C. § 636(b). The Court has also reviewed Defendant's objections and briefing on those objections. (Docs. 15, 17.) This matter is ripe for review.

Judge Bowman's Report recommends denying Defendant's motion to dismiss for lack of personal jurisdiction or transfer venue. The Report relies in part on a declaration submitted by Plaintiff Gregory Kitchener, O.D. (Doc. 8-2, Pg. ID 61-62). The consideration of such evidence at this stage is appropriate. When a court rules on a motion challenging jurisdiction without an accompanying evidentiary hearing, it considers the pleadings and affidavits or declarations in a light most favorable to the plaintiff. In these circumstances, the plaintiff only needs to make a prima facie showing of jurisdiction. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *Serras*

*v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). The Report properly applied that principle here.

Defendant challenges the veracity of the statements in the Kitchener declaration and seeks an evidentiary hearing to test their integrity. (Doc. 15, Pg. ID 117.) In an attempt to allege jurisdictional facts that contradict the jurisdictional facts laid out in the Kitchener affidavit, Defendant submitted a declaration from Line Vreven. But Defendant identifies no specific fact in the Vreven declaration that actually contradicts the jurisdictional facts in Kitchener declaration. The Vreven declaration mostly concerns the payments, or the lack of payments, that are at issue in this case. But those are merits facts, not jurisdictional facts. As it stands, then, Defendant fails to put any jurisdictional facts in issue. *See Serras*, 875 F.2d at 1214 (a defendant who alleges facts that would defeat personal jurisdiction may request an evidentiary hearing on those facts). Accordingly, Defendant fails to show that the Report wrongly recommends denial of the motion to dismiss for lack of personal jurisdiction.

The same goes for the issue of venue. The Court is not persuaded by any objection to the Report's venue conclusions.

For these reasons, the Court **OVERRULES** Defendant's objections and request for an evidentiary hearing and **ADOPTS** the Recommendation that Defendant's motion to dismiss or transfer venue (Doc. 5) be denied.

2

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND

3